VOCELLE, L.B., Associate Judge.
Appellant was charged with grand theft (felony) of a truck and fleeing a police officer (misdemeanor). The maximum penalty for the crimes are five years and $5,000 for grand theft and one year and $1,000 for fleeing a police officer.
Appellant’s demand for jury trial was denied. The trial judge unequivocally stated it would limit sentence in a non-jury trial to six months and $500 fine and the court was bound to impose no more penalty and thus the crimes are defined as petty under Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).
This appeal ensues on denial of appellant’s right to jury trial.
We agree and reverse for jury trial.
The standard to be utilized is society’s view of the crime charged as evidenced by the authorized penalty. Bald *330 win v. New York, supra. Absent waiver by a defendant of right of trial by jury of a serious crime a jury trial must be granted upon demand. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). The issue is whether a trial judge may lessen the magnitude of the crime in the manner utilized here and limit the right of an accused to jury trial. The answer must certainly be that the trial judge may not so affect the accused’s Sixth Amendment rights.
REVERSED.
LETTS and HURLEY, JJ., concur.